UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ROBERT HOLMES III,

                              Petitioner,

v.

BRIAN WILLIAMS, et al.,

                             Respondents.

Case No. 2:15-cv-01755-GMN-GWF

ORDER

On October 19, 2015, the court dismissed with prejudice as successive this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 brought by petitioner Robert Holmes III (ECF No. 2). Judgment was entered (ECF No. 4). Now before the court is Holmes' motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (ECF No. 5).

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1). Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with Antiterrorism and Effective Death Penalty Act (AEDPA), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *Gonzalez*, 545 U.S. at 529. When a Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings and not the substance of the court's resolution of a claim on the

merits the court should address it as it would a Rule 60(b) motion raised in any other civil case.  *Id.* at 532.

Here, Holmes urges that the court erred in dismissing his petition with prejudice as successive because, as he set forth in the petition, newly discovered evidence supports his claim of actual innocence.  The invocation of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be pre-certified by the appeals court as falling within an exception to the successive-petition bar.  *Id.*  Although Holmes styled this pleading as a motion, it is in substance a successive habeas petition.  *See id.* at 531.  Thus, the motion is barred under AEDPA.

**IT IS THEREFORE ORDERED** that the petitioner's motion for district judge to reconsider order (ECF No. 5) is **DENIED**.

DATED: 8 April 2016.

_____
GLORIA M. NAVARRO, CHIEF JUDGE,
UNITED STATES DISTRICT COURT

2